# N. Y. COMMON PLEAS.

WRIGHT E. POST agt. ETTA A. MORAN and SELINA NILES.

*Ejectment — practice in actions of, as to new trial — Code of Civil Procedure, section 1525.* ·

The Code of Civil Procedure has not changed the former practice, in actions of ejectment, of making an order (before judgment is perfected) that when the judgment is perfected it be thereupon vacated, and a new trial ordered without further order of the court.

*Special Term, May,* 1881.

THE plaintiff in April, 1880, leased the premises No. 18 West Twenty-first street to defendants for three years from the first day of May ensuing, by a sealed instrument in which was a clause that "the party of the second part covenants that she will not assign ·this lease, nor let nor underlet the whole or any part of said premises, without the written consent of the party of the first part, under penalty of forfeiture and damages." But prior to the execution of the lease, Mrs. Moran said to plaintiff's agent, with whom she transacted the business, that her health was not good, and that if she did not succeed in letting the rooms she would want to sublet the house, and he replied that she could do that. This suit was brought to eject defendants for violation of the covenant in the lease, and defendants interposed an equitable counter-claim to have the instrument reformed by striking out the covenant. Judge VAN BRUNT gave judgment dismissing the counter-claim. Defendants then obtained an order for a new trial under the statute, which plaintiff moves to set aside.

J. F. DALY, *J.* — It appears that the trial judge, judge VAN BRUNT, passed upon no questions except those decided by the order he made on May 9, 1881, and that the order obtained from me by defendant on May 12, 1881, must stand or fall upon the regularity of defendant's application.

The case of *Cook* agt. *Passage* (4 *How.*, 360) is authority for the practice, in actions of ejectment, of making an order before judgment is perfected, that when the judgment is perfected it be thereupon vacated and a new trial ordered without further order of the court.

It is contended by plaintiff that the Code of Civil Procedure does not permit this practice, because, while the Revised Statutes provided that the order for a new trial might be made within three years after the judgment is rendered (2 *R. S.*, 309, *sec.* 37), the Code of Civil Procedure provides that it may be done within three years after the judgment is rendered and the judgment roll is filed (*Code, sec.* 1525).

It does not seem to me that the alteration in the language of the statute is significant of an intention on the part of the legislature to change the practice as to when the order granting a new trial may be made, but rather to fix with greater certainty the exact date from which the absolute right to a new trial runs, and not to exclude the defeated party from the advantages which he gets by anticipating the entry of judgment — *i. e.*, the retaining possession of the disputed premises by preventing his adversary issuing execution to enforce the judgment.

The codifiers had no intention to alter the practice by inserting the words, "and the judgment roll is filed," for it appears from their notes to sections 1524 and 1526 that the inserting these words was intended as a substitute in those sections for previous provisions of law as to "docketing" such judgments, and the new provision was evidently inserted in section 1525 to make all the sections uniform on that subject (*See edition of the Code of Civil Procedure, with notes by M. H. Throop*, 1880).

The practice, therefore, established in the case first cited seems to be proper.

Motion to vacate the order of May 12, 1881, denied, with ten dollars costs.